IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

**Plaintiff,**

v.

**LORA LOYSZCZYK, individually and in her capacity as Administrator of the Estate of Robert L. Holsinger, Deceased; and TREASURER OF JEFFERSON COUNTY;**

Case No. 2:18-cv-00132
Judge George C. Smith
Mag. Judge Chelsey M. Vascura

**Defendants.**

## ORDER OF SALE

The Court entered a final judgment in this action on September 11, 2018 [Docket No. 16], in favor of the Plaintiff United States of America and against the Defendant Lora Loyszczyk, individually and in her capacity as Administrator of the Estate of Robert L. Holsinger, Deceased, for unpaid federal tax liabilities. The judgment also ordered that the federal tax liens associated with those liabilities be enforced with a judicial sale of the land, along with all improvements, buildings, and appurtenances thereon, now known as and numbered 14903 State Route 152, Toronto, Ohio 43964 (the "Property"), and more fully described as follows:

> Situated in the Township of Knox, County of Jefferson and the State of Ohio; Known as and being part of the Northeast quarter of Section 20, Township 8 of Range 2, also Being part of a 5.8285 acre tract of Robert E. and Robert Christopher Jones as recorded in Volume 137, Page 954, Tract No. 1 of Official records and part of a 29.465 acre tract of Robert E. and Christopher Jones as recorded in Volume 137, Page 954, tract No. 2 of Official Record, said tract being more particularly described as follows:

Being at a 3/8" iron pin, with cap, set at the Northeast corner of said Jones 5.8285 acre tract and the Southeast corner of a 2.4055 acre tract of F. Allen as recorded in Volume 67, Page 610, of Official record and THE TRUE PLACE OF BEGINNING:
Thence with the East line of said quarter section, South 0 degrees 37 minutes 38 seconds East 486.00 feet to a 3/8" iron pin, with cap, set; thence North 81 degrees 58 minutes 27 seconds West 631.47 feet to a 3/8 inch iron pin with cap set; thence North 27 degrees 14 minutes 25 seconds East 89.20 feet to a 3/8" iron pin, with cap, set; thence South 82 degrees 10 minutes 26 seconds East 661.25 feet to a 3/8" iron pin, with cap set; thence North 60 degrees 21 minutes 41 seconds East 127.39 feet to a 3/8 iron pin, with cap, set; thence North 6 degrees 17 minutes 52 seconds West 164.69 feet to a 3/8" iron pin, with cap set; thence North 89 degrees 31 minutes 37 seconds West 59.16 feet to a 3/8 inch iron pin with cap, set thence North 7 degrees 25 minutes 07 seconds West 400.85 feet to a 3/8" iron pin, with cap, set on the North side of State Route 152 on the South side of a 2.924 acre tract of S.&M. Falls as recorded in Volume 185, Page 472 of Official Record; thence with said road and said Fall tract, South 52 degrees 00 minutes 00 seconds East 71.23 feet to a 3/8" iron pin with cap, set at the Northwest corner of said Allen tract; thence with the West line of said Allen tract, South 7 degrees 25 minutes 07 seconds East 300.11 feet to a ½" iron pin, with cap, set: thence with the South line of said Allen tract, South 89 degrees 31 minutes 37 seconds east 38.67 feet to a 3/8" iron pin, with cap, set; thence with the South line of said Allen tract, North 83 degrees 45 minutes 53 seconds East 405.56 feet to an iron pin and the TRUE PLACE OF BEGINNING, the herein described tract, containing 5.078 acres, more or less, 4.084 acres out of said 5.8285 acres and 0.994 acres out of said 39.465 acre tract, subject to all legal highways, easements or restrictions of record.

The basis of bearing was the east line of said quarter section and the bearing of south 0 deg., 37 min., 38 sec. east was taken from a survey by James Poder on August 4, 1979. Description for said tract on survey by Bonar Surveying, Registered Surveyor No. 7134, 9-28-1986.

Being the property conveyed to Robert Lee Holsinger by deed of Clifford E. Hanle Sr., dated July 25, 2006, and recorded with the Jefferson County Recorder's Office at Volume 763, Page 564.

The Court now **ORDERS** that the Property shall be sold under 26 U.S.C. §§ 7402(a) and 7403(c) in order to collect the unpaid federal tax liabilities, as follows:

1. The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS") is authorized to offer for public sale and to sell the Property.

2. The terms and conditions of the sale are as follows:

a. The sale of the Property shall be by public auction to the highest bidder, free and clear of all rights, titles, claims, liens, and interests of all parties to this action, including the Plaintiff United States and the Defendants Lora Loyszczyk, individually and in her capacity as Administrator of the Estate of Robert L. Holsinger, Deceased, and Treasurer of Jefferson County, and any successors in interest or transferees of those parties.

b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements, restrictions, and reservations of record, if any.

c. The sale shall be held either at the courthouse of the county or city in which the Property is located or on the Property's premises.

d. The PALS shall announce the date and time for sale. The IRS, PALS, and their representatives shall be permitted to enter the Property with prospective buyers in order to allow prospective buyers to inspect the interior and exterior of the Property at such times as the IRS or PALS shall determine are reasonable and convenient.

e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Jefferson County, and, at the discretion of the PALS, by any other notice or advertisement that the PALS deems appropriate. The notice of the sale shall contain a description of the Property and shall contain the material terms and conditions of sale set forth in this order of sale.

f. The Property shall be offered for sale "as is," with all faults and without any warranties either express or implied, and the sale shall be made without any right of redemption.

3

g. The PALS shall set, and may adjust, the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and adjust the minimum bid.

h. At the time of the sale, the successful bidder(s) shall deposit with the PALS, by cash or by money order, certified check, or cashier's check drawn payable to the Clerk of the United States District Court for the Southern District of Ohio, a deposit in an amount between five (5) and twenty (20) percent of the minimum bid as specified by the PALS in the published notice of sale. Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale. The United States may bid as a creditor against its judgment without any tender of cash or check.

i. The successful bidder(s) shall pay the balance of the purchase price for the Property within sixty (60) days following the date of the sale. The cash or money order, certified check, or cashier's check drawn payable to the Clerk of the United States District Court for the Southern District of Ohio shall be given to PALS who will deposit the funds with the Clerk of this Court. If the bidder fails to fulfill this requirement, the sale shall be treated as null and void, and the deposit shall be forfeited as damages and applied to cover the expenses of the sale, with any amount remaining to be applied to the judgment for the federal tax liabilities entered in this case. The Clerk shall distribute the deposit as directed by the PALS by check drawn payable to the "United States Treasury." The Property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder. The

successful bidder(s) at the new sale or second highest bidder, as the case may be, shall receive the Property free and clear of all rights, titles, claims, liens, and interests of the defaulting bidder(s).

j.	The Clerk of the Court is directed to accept the deposits and proceeds of the sale and deposit them into the Court's registry for distribution as provided for herein or pursuant to further order of this Court.

k.	The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, ownership and possession of the Property shall transfer to the successful bidder(s), and all interests in, liens against, and titles and claims to, the Property that are held or asserted by the parties to this action are discharged and extinguished. When this Court confirms the sale, the Recording Official of Jefferson County, Ohio, shall cause the transfer of the Property to be reflected upon that county's register of title.

l.	After the confirmation of the sale, the IRS shall execute and deliver a deed under the authority of this Court conveying the Property, effective as of the date of the confirmation of the sale, to the successful bidder(s). The successful bidder(s) shall pay, in addition to the amount of the bid, any documentary stamps and registry fees as provided by law.

m.	All rights to rents of or from the Property arising after the final judgment in this action and before the confirmation of the sale of the Property shall constitute proceeds of the Property and such rents shall be turned over to, and paid to, the PALS for deposit and distribution in the same manner as the proceeds of the sale of the Property. On confirmation of the sale of the Property, all rights to product, offspring, rents, and profits of or from the Property arising thereafter shall transfer to the successful bidder(s) and all risks of losses associated with the Property shall transfer to the successful bidder(s).

3. Up until the date that this Court confirms the sale of the Property, Lora Loyszczyk, individually and in her capacity as Administrator of the Estate of Robert L. Holsinger, Deceased, shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the Property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property and Lora Loyszczyk, individually and in her capacity as Administrator of the Estate of Robert L. Holsinger, Deceased, and all occupants of the Property shall neither commit waste against the Property nor cause or permit anyone else to do so. All of the defendants in this case shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. Such defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so. Violation of this paragraph shall be deemed a contempt of court and punishable as such.

4. All persons occupying the Property shall vacate the Property permanently within 30 days of the date of this order of sale, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to vacate the Property by the date specified in this order of sale, the PALS is authorized to coordinate with the United States Marshals Service to take all actions that are reasonably necessary to have those persons ejected or excluded. The United States Marshals Service is authorized and directed to take any and all necessary actions, including but not limited to the use of reasonable force, to enter and remain on the premises, which includes, but is not

limited to, the land, buildings, vehicles, and any other structures located thereon, for the purpose of executing this order of sale. The United States Marshals Service is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere, in any way, with the execution of this order of sale. Any personal property remaining on the Property 30 days after the date of this order of sale is deemed forfeited and abandoned, and the PALS is authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the costs and expenses of sale and the balance shall be paid into the Court for further distribution. Money orders and checks for the purchase of the personal property shall be drawn payable to the Clerk of the United States District Court for the Southern District of Ohio and the Clerk of the Court is directed to accept cash and checks and deposit such items into the Court's registry for distribution pursuant to further order of this Court. This order of sale shall also serve as a Writ of Assistance or Writ of Possession, as appropriate, and no further order from the Court shall be required for these purposes.

5. No later than two business days after vacating the Property pursuant to the deadline set forth in paragraph 4, above, Lora Loyszczyk, individually and in her capacity as Administrator of the Estate of Robert L. Holsinger, Deceased, shall notify counsel for the United States of a forwarding address where she can be reached. Notification shall be made by contacting the U.S. Department of Justice Tax Division's paralegal at (202) 514-6674.

6. Up until the date that this Court confirms the sale of the Property, the IRS, PALS, and their representatives are authorized to have free and full access to the Property in order to take any and all actions necessary to preserve the Property, including, but not limited to,

retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

7. After the Court confirms the sale of the Property, the sale proceeds deposited with the Clerk of this Court should be applied to the following items, in the order specified below:

  a. First, to the United States Treasury for the costs and expenses of the sale, including any costs and expenses incurred to secure or maintain the property pending sale and confirmation by the Court;

  b. Second to Jefferson County, or other local taxing authority, for real property taxes and other local assessments due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6);

  c. Third, the remaining proceeds shall be distributed to the Plaintiff United States of America for application to the liability then outstanding in connection with the unpaid federal tax liabilities of Robert L. Holsinger, deceased, for the tax periods 2002-2005, including all accrued statutory penalties, additions, and interest, until fully paid;

  d. Any further remaining sale proceeds shall be paid to Lora Loyszczyk, as Administrator of the Estate of Robert L. Holsinger, Deceased.

**IT IS SO ORDERED.**

Dated: 11/7/2018

_George C Smith_
UNITED STATES DISTRICT JUDGE

Presented by:

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice


_/s/ Philip L. Bednar_
PHILIP LEONARD BEDNAR
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-307-6415 (v)
202-514-5238 (f)
Philip.L.Bednar@usdoj.gov
WA State Bar No. 41304
Counsel for Plaintiff United States of America